IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–00232–PAB–KMT

LANE L. SNYDER,

    Plaintiff,

v.

DOCTOR RICKTER,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on Defendant's Motion to Dismiss. (Doc. No. 18, filed July 8, 2011 [Mot.].) Plaintiff responded on July 13, 2011. (Doc. No. 20 [Resp.].) Pursuant to D.C.COLO.LCivR 7.1C and Fed. R. Civ. P. 6(d), Defendant[1] had until August 1, 2011 to file his reply. No reply was filed by that date or at anytime thereafter. Accordingly, this matter is ripe for the court's review and recommendation.

## FACTUAL BACKGROUND

    A detailed recitation of the underlying facts in this case is not necessary. Plaintiff is a former inmate of the Colorado Department of Corrections (CDOC). (Mot. at 1.) In his

---

[1] Defendant maintains that his name is misspelled in the court caption as "Rickter," and is properly spelled "Richter." (Motion at n.1.) To avoid any confusion, the court simply refers to Defendant Richter as "Defendant."

Complaint (Doc. No. 1, filed Jan. 28, 2011 [Compl.]), Plaintiff alleges that, in between 2005 and 2007, he received inadequate treatment for his Human Immunodeficiency (HIV) condition from Defendant in violation of the Fifth Amendment's Due Process clause and the Eighth Amendment's prohibition on cruel and unusual punishment.

Plaintiff does not dispute that he brought a claim arising out of the same facts against the same defendant in a prior case before this court—specifically, Case Number 07-cv-00998-PAB-KMT.[2]  In that case judgment was entered in favor of Defendant and against Plaintiff on April 2, 2010 and Plaintiff's claim against Defendant was dismissed with prejudice.  (Doc. No. 136, Case No. 07-cv-00998-PAB-KMT.)  On appeal, the Tenth Circuit remanded the case with instructions to modify its dismissal of Plaintiff's claim against Defendant to be without prejudice for failure to exhaust administrative remedies.  (*See* Doc. No. 147, Case No. 07-cv-00998-PAB-KMT.)  On January 6, 2011, District Judge Philip A. Brimmer ordered that the judgement entered on April 2, 2010 be so amended.  (*Id.*)

Plaintiff brought this action on January 28, 2011.  (*See* Compl.)  Defendant now argues that this action should be dismissed because Plaintiff's claims are barred by the applicable statute of limitations.

---

[2] In fact, Plaintiff specifically acknowledges that his prior case was dismissed and that he is now "starting a new law suit." (Compl. at 9.)

2

**LEGAL STANDARDS**

*1.*     **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

*2.*     *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940.

Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

"Although a statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Torrez v. Eley*, 378 F. App'x 770, 772 (10th Cir. 2010) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980)); *Dummar v. Lummis,* 543 F.3d 614, 619 (10th Cir. 2008).

"[L]imitations periods in § 1983 claims are to be determined by reference to the appropriate state statute of limitations." *Hardin v. Straub,* 490 U.S. 536, 539 (1989); *Baker v. Bd. of Regents,* 991 F.2d 628, 632-33 (10th Cir. 1993) ("The length of a statute of limitations period and related questions of tolling and application are governed by state law, unless the tolling rules are inconsistent with federal law or policy"). In Colorado, actions brought under § 1983 are governed by the two-year statute of limitations codified at Colo. Rev. Stat. § 13–80–102(g). *Riel v. Reed,* F. Supp. 852, 854-55 (D. Colo. 1991) (citations omitted); Colo. Rev. Stat. § 13-80-102(g) ("The following civil actions . . . shall be commenced within two years

after the cause of action accrues, and not thereafter: all actions upon liability created by a federal statute where no period of limitations is provided in said federal statute.")

While state law governs the limitations period applicable to § 1983 claims, federal law specifies when a § 1983 claim accrues. *Newcomb v. Ingle,* 827 F.2d 675, 678 (10th Cir. 1987) (citations omitted); *Baker,* 991 F2d 628, 632 (10th Cir. 1993). "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue 'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" *Smith v. City of Enid,* 149 F.3d 1151, 1154 (10th Cir. 1998). The plaintiff "need not know the full extent of his injuries before the statute of limitations begins to run." *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994) (citations omitted). Additionally, "it is not necessary that the claimant know all of the evidence ultimately relied on for the cause of action to accrue." *Baker*, 991 F.2d at 632.

Here Defendant's allegedly unconstitutional conduct occurred sometime between 2005 and late 2007. (Compl. 5-8.) The grievances attached to Plaintiff's Complaint demonstrate that Plaintiff believed he was receiving inadequate care from Defendant in early 2007. (*Id.,* Exs. 1–4.) Finally, Plaintiff admits that he was released from prison "3 weeks before 2008"—which the court interprets to mean sometime in late 2007. (*Id.* at 8.) Thus, at the very latest, Plaintiff knew of or should have known that his constitutional rights were violated in late 2007.

Neither the pendency of Case Number 07-cv-00998-PAB-KMT or its subsequent dismissal tolled the applicable statute of limitations.[3] *Chilcott Entertainment, L.L.C. v. John G. Kinnard Co.,* 10 P.3d 723, 726 (Colo. App. 2000) ("[A]bsent a specific statutory provision, Colorado law does not allow for the tolling of a statute of limitation during the pendency of a prior action"); *Cook v. G.D. Searle & Co.,* 759 F.3d 800, 804-05 (10th Cir. 1985). Accordingly, Plaintiff must have brought this action by late 2009 for his claims to survive application of the statute of limitations. Plaintiff's Complaint, however, was not filed until January 28, 2011—well over a year after the statute of limitations expired.[4] Accordingly, the court finds that Plaintiff's claims are time-barred under Colo. Rev. Stat. § 13–80–102(g).

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendant's Motion to Dismiss (Doc. No. 18) be GRANTED and that this action be dismissed in its entirety.

---

[3] Even though the Tenth Circuit remanded Plaintiff's prior case with instructions that the judgment be modified to dismiss Plaintiff's claims without prejudice, that represented, at best, a hollow victory for Plaintiff. Specifically, even though a dismissal without prejudice suggested that Plaintiff could re-assert his claims after exhausting his administrative remedies, the pendency of the prior action did not toll the statute of limitations. Consequently, because the statute of limitations has run, he is now *time-barred* from re-asserting those claims.

[4] In his response, Plaintiff argues that this case should not be dismissed because Case Number 07–cv-00998–PAB–KMT should not have dismissed. (Resp. at 2.) Plaintiff maintains that this court and the Tenth Circuit were "manipulated" by Defendant and opposing counsel. (*Id.* at 3.) Plaintiff's arguments are not properly raised collaterally in this action; rather, he was required to raise them in Case Number 07-cv-00998–PAB-KMT. *See* Fed. R. Civ. P. 60.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 20th day of December, 2011.

BY THE COURT:

_(signature)_

Kathleen M. Tafoya
United States Magistrate Judge