IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00232-PAB-KMT

LANE L. SNYDER,

    Plaintiff,

v.

DOCTOR RICKTER,

    Defendant.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathleen M. Tafoya filed on December 20, 2011 [Docket No. 21]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties.  *See also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on December 20, 2011.  No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").  In this matter, I have reviewed the Recommendation to

satisfy myself that there is "no clear error on the face of the record."[1]  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, I have concluded that the Recommendation is a correct application of the facts and the law.  Accordingly, it is

    **ORDERED** as follows:

    1.  The Recommendation of United States Magistrate Judge [Docket No. 21] is ACCEPTED.

    2.  Defendant's Motion to Dismiss [Docket No. 18] is granted.

    3.  This case is dismissed.


    DATED January 11, 2012.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).